Hoddy v. Osborn,

## HODDY v. OSBORN.

1. EVIDENCE.  Where, in an action for money due for services rendered, the defendant pleaded an off-set, consisting of several payments of money as shown by a bill of particulars appended to his answer, it

was held that evidence showing a payment, not embraced in the answer, was not admissible.

*Appeal from Wapello District Court.*

TUESDAY, NOVEMBER 1.

*Hendershott & Burton*, for the appellant, cited 1 Wheat. Selw. N. P. 134; 2 Phil. Ev. 131, 166; 4 N. H. 557; *Sheets* v *Baldwin*, 12 Ohio 120.

No appearance for the appellee.

STOCKTON, J.—The plaintiff claims of the defendant the sum of three hundred dollars, for fifteen months services as clerk and deputy for defendant in the post office at Ottumwa, at the rate of twenty dollars per month, which he alleges his services as such clerk and deputy to be worth. The defendant answers, denying the indebtedness as claimed, and admitting that the plaintiff did act as clerk for him in the post office, for a short time; avers that by express agreement he was to have for his services ten dollars per month. He denies that the services were worth twenty dollars per month, and "says that he has fully paid the plaintiff for his services as clerk, as will appear by reference to a copy of account kept by plaintiff himself, while he acted as such clerk, appended to this answer and made part thereof as set-off." There was no replication to the answer, and on the trial, after plaintiff had introduced evidence tending to establish his account as claimed, the defendant offered evidence tending to prove the set-off appended to his answer, and then defendant introduced a witness by whom he proposed and offered to prove a payment of ten dollars by defendant to plaintiff on the account sued on, before suit brought. The record shows that " the plaintiff objected to the proof of such payment, for the reason that the testimony was not proper to be received under the pleading; the said ten dollars not being charged in defendants answer as part of the payment made on plaintiff's cause of action." The

court sustained the objection, and refused to receive the evidence. There was a verdict and judgment for the plaintiff.

The account against plaintiff referred to by defendant in his pleading amounted to the sum of $136.62. The ten dollars claimed to have been paid to plaintiff, the evidence of which was excluded by the court, was not embraced in this account. The evidence of its payment, we think, was rightly excluded by the court. Whether we take the defendant's answer as a plea of payment, or as a plea of set-off, reference is made by it so explicitly to the account kept by plaintiff himself, and attached to defendant's answer, that it cannot, with any degree of plausibility, be claimed that the defendant intended to rely upon any payment or upon any set-off pleaded as a defense to the plaintiff's action, except such as appeared by the account, annexed to his answer.

And as he had not pleaded any other payment to plaintiff, the court did not err in excluding evidence of other payments. The testimony is to be confined to the issue made by the parties by their pleadings.

Judgment affirmed.